## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

BRIAN CHARLES VAETH      *

             *

Plaintiff,          *

             *

v.            *     Civil Action No. WDQ-14-3556

             *

THE STATE OF MARYLAND,    *

GOVERNOR MARTIN O'MALLEY,   *

THE MARYLAND GENERAL ASSEMBLY, *

             *

Defendants.        *

### MEMORANDUM

Brian Charles Vaeth is suing the State of Maryland, Governor Martin O'Malley and the Maryland General Assembly, setting forth as his cause of action that the Maryland Annotated Code, or the "Statutory Scheme" is "repugnant" and abridges his rights and that of the People of Maryland under the United States Constitution and the Maryland Constitution. (ECF 1, p. 19). As relief, he asks this Court to: 1) declare the Maryland Annotated Code or "Statutory Scheme" unconstitutional in part; 2) permanently enjoin Defendants from continuing to subject the People of Maryland to a "Statutory Scheme" that is "repugnant" to the U.S. Constitution; and 3) order Defendants to "purge" the Maryland Annotated Code of all statutes that are unconstitutional by action in the 2015 legislative session of the Maryland General Assembly. *Id.*

The Plaintiff's motion to proceed in forma pauperis will be granted for the limited purpose of preliminary review as it is unclear whether Plaintiff's affidavit is accurate. Specifically, he indicates without explanation that he has no living expenses. (ECF 2). Requiring Plaintiff to supplement his financial affidavit would merely delay consideration of this case.

The in forma pauperis statute permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege,

the statute requires a court to dismiss any claim that fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Court is mindful of its obligation to liberally construe the pleadings of *pro se* litigants such as Plaintiff. *See, e.g. Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In evaluating a *pro se* complaint, a plaintiff's allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). Except in certain specified cases not applicable here, a complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 n. 3.

The Plaintiff's general and conclusory allegations of unspecified constitutional abridgement are insufficient to state a viable federal claim. For these reasons, the case will be dismissed for lack of jurisdiction and for failure to state a claim upon which relief can be granted. A separate Order follows.

12/16/14
Date

William D. Quarles, Jr.
United States District Judge

2